# STATE OF MICHIGAN

# COURT OF APPEALS

In re MALIK MEKHI TAYLOR, Minor.

PEOPLE OF THE STATE OF MICHIGAN,

            Petitioner-Appellee,

v

MALIK MEKHI TAYLOR,

            Respondent-Appellant.

UNPUBLISHED
April 24, 2018

No. 337833
Wayne Circuit Court
Juvenile Division
LC No. 15-519597-DL

Before: GLEICHER, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

The circuit court adjudicated respondent responsible for two counts of assault and battery, MCL 750.81, for attacking 13-year-old twin boys outside a Westland cinema. For the first time on appeal, respondent challenges the admission of the identification evidence against him. We discern no error and affirm.

## I. BACKGROUND

At around 8:00 p.m. on March 12, 2016, the victims stood outside a theater awaiting their ride home. A carload of teenaged boys pulled up. The victims testified that respondent exited the car and immediately punched one of the twins in the face. Other boys came out of the car and joined the fray, but the victims were unable to identify any of them. The area was dimly lit, the victims noted, interfering with the vision of one of the boys. The second victim attempted to pull respondent away from his brother and respondent turned around and hit him in the face as well. Theater security broke up the fight and called the police, but the assailants fled. The victims both described the first assailant as a tall, light-skinned African-American youth. Upon police questioning that night, one described that the assailant was wearing "a jacket and like some jogging pants." The other stated that the boy had a "dreaded fro" and was wearing gray jogging pants and a gray jacket.

Approximately a week later, the victims discovered a video of their attack on social media, giving them additional opportunity to view their attackers. However, the video was not preserved and presented into evidence. From the video, the victims' sister recognized the initial

-1-

assailant as respondent. The police did not thereafter conduct a lineup and the prosecutor waited until the court date to ask the victims whether the charged respondent was their attacker. Both affirmatively identified respondent.

## II. ANALYSIS

As noted, respondent did not challenge the admission of the victims' in-court identifications at the adjudication. On appeal, he contends that the identifications were tainted and unduly prejudicial because: (1) the victims testified that they had never seen their assailant prior to the incident, (2) the identification was compromised by watching an online video on social media, (3) the victims consulted their sister regarding their assailant's identity, (4) the incident occurred at night, and one victim testified that he could not see well, and (5) the victims offered conflicting testimony describing the assailant.

Generally, we would review for clear error a trial court's admission of identification evidence. *People v Harris*, 261 Mich App 44, 51; 680 NW2d 17 (2004). As respondent did not raise his challenge until this appeal, our review is limited to plain error affecting respondent's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Respondent has not established any error, plain or otherwise.

First, there is no precedent mandating exclusion of an in-court identification where victims and their family members find an assailant Hardy Boys style. A tainted identification is inadmissible when it "resulted from . . . impermissibly suggestive *law enforcement* procedures." *People v Gray*, 457 Mich 107, 113; 577 NW2d 92 (1998). See also *Perry v New Hampshire*, 565 US 228, 248; 132 S Ct 716; 181 L Ed 2d 694 (2012) ("[T]he Due Process Clause does not require a preliminary judicial inquiry into the reliability of an eyewitness identification when the identification was not procured under unnecessarily suggestive circumstances *arranged by law enforcement*.") (emphasis added). The victims' viewing of a video on social media and their sister's recognition of the assailant from school simply were not law enforcement procedures and do not require exclusion.

The level of lighting and the victims' prior unfamiliarity with their assailant are factors affecting "the likelihood of misidentification." *People v Kurylczyk*, 443 Mich 289, 306; 505 NW2d 528 (1993). However, the admissibility of an eyewitness identification is judged by reviewing the totality of the circumstances. *Neil v Biggers*, 409 US 188, 196; 93 S Ct 375; 34 L Ed 2d 401 (1972). Only one of the victims testified that the dim lighting impacted his view of the assailant, but even he asserted that he could clearly see respondent given their proximity. Although neither victim knew respondent before the attack, they both testified that they were certain about the identification.

And contrary to respondent's insistence, the victims did not so contradict themselves or each other as to render their identifications inadmissible. One brother testified that respondent was wearing "a jacket and like some jogging pants." He also admitted that he remembered telling the police that night that the attacker was wearing "blue jeans, light gray hoodie, [and] tennis shoes with white bottoms." The other brother's descriptions of the assailant's clothes were not subject to any inconsistency. Moreover, both consistently described the assailant as tall and light-skinned.

In any event, we leave questions of witness credibility and resolving conflicts in testimony to the trier of fact. *People v Ericksen*, 288 Mich App 192, 197; 793 NW2d 120 (2010). The court heard the victims' testimony and credited their certainty in their identification of respondent. We discern no error requiring relief.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly
/s/ Thomas C. Cameron